UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENSON DAVIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1116 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed August 20, 2004. (Doc. No. 2). The matter is fully briefed and ready for disposition.

## BACKGROUND

Movant Benson Davis ("Movant"), was charged by indictment with two counts of possession with intent to distribute in excess of five grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1). (Indictment (03CR453 JCH, Doc. No. 1)). On November 25, 2003, Movant entered a plea of guilty to Count I of the indictment. (Change of Plea Hearing (03CR453 JCH, Doc. No. 25)). Pursuant to the Plea Agreement, the Government agreed to move to dismiss Count II at the time of sentencing. (Plea Agreement (03CR453 JCH, Doc. No. 26, P. 2)). The cocaine base that served as the basis for Count II was still to be considered as relevant conduct in determining Movant's base offense level, however. (Id.). Further, the Government and Movant recognized that Movant possibly qualified as a career offender, and could be subject to an additional enhancement in the base offense level as a result. (Id., PP. 5-6). The parties waived their right to appeal the

conviction and sentence, and Movant waived his right to file a motion pursuant to 28 U.S.C. § 2255, except in the case of prosecutorial misconduct or ineffective assistance of counsel. (Id., PP. 2-3).

In the Presentence Investigation Report, the United States Probation Office concluded Movant was in fact a career offender pursuant to U.S.S.G. § 4B1.1, as a result of his prior convictions. (PSR (03CR453 JCH, Doc. No. 31)). Defense counsel raised no objections to the Presentence Investigation Report. (03CR453 JCH, Doc. No. 30)). On February 13, 2004, the Court sentenced Movant to 210 months imprisonment, followed by five years supervised release. (Judgment (03CR453 JCH, Doc. No. 29)). No appeal of Movant's conviction or sentence was filed.

On August 20, 2004, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Movant's sole ground for relief is his claim that this Court violated his Sixth Amendment rights when it sentenced him as a career offender.

### STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (Citation omitted).

## DISCUSSION

### I. Waiver Of Right To File § 2255 Motion

In relevant part, Movant's Plea Agreement provided as follows:

**B.    Waiver of Post-Conviction Rights:**

(1)    **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights to appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742. However, in the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to: any issues relating to pre-trial motions, hearings and discovery; any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea; and, whatever sentence is imposed, any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court, except that the parties reserve the right to appeal from any Chapter 5 upward or downward departure from the Guidelines range if such departure is not agreed to in this document. The parties understand that the District Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document. The Guidelines range will be determined by the District Court and shall not be subject to appeal.

(2)    *Habeas Corpus***:** The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Plea Agreement (03CR453 JCH, Doc. No. 26, PP. 2-3)). Movant signed the Plea Agreement, and did not object to this Court's eventual decision to sentence Movant as a career offender.

Upon consideration, the Court finds Movant has waived his right to challenge his sentence pursuant to 28 U.S.C. § 2255. The Eighth Circuit recently addressed a similar situation, and held as follows:

> On appeal, [Defendant] challenges his sentence, arguing that the district court erred in applying § 4B1.1. The government argues that [Defendant] waived his right to appeal his sentence. We agree with the government. "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 889- 90 (8th Cir.) (en banc), *cert. denied*, 540 U.S. 997, 124 S.Ct. 501, 157 L.Ed.2d 398 (2003) (*Andis*). In determining the scope of an appeal waiver, we, of course, must look to the language of the waiver. For example, in *United States v. Lea*, 400 F.3d 1115, 1116 (8th Cir. 2005), this court held that the language of a waiver that allowed the defendant to appeal a sentencing issue not specifically addressed in the waiver did not preclude a challenge to his sentence under *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (*Booker*). In contrast, the language of the waiver in this case is very broad. [Defendant] agreed that the "Guidelines range ... shall not be subject to appeal" and to "waive all rights to appeal ... whatever sentence is imposed," reserving only the right to appeal a Chapter 5 upward departure. Thus, [Defendant's] challenge to the application of § 4B1.1 falls within the scope of the waiver. *See Andis*, 333 F.3d at 892 (waiver of "all rights to appeal whatever sentence is imposed" foreclosed challenge to conditions of supervised release).

United States v. Reeves, 410 F.3d 1031, 1034 (8th Cir.), cert. denied, 126 S.Ct. 469 (2005). Under the reasoning of Reeves, Movant's § 2255 Motion must be dismissed, as he validly waived his right to file the motion in the first instance.

**II. Merits Of Apprendi and Blakely Claims**

In his § 2255 Motion, Movant alleges this Court violated his rights under both Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), when it sentenced him as a career offender. Upon consideration, the Court finds Movant's claims fail on the

merits. Specifically, with respect to Movant's Apprendi claim, the Court finds the Eighth Circuit has rejected the claim as follows:

> [Defendant] first contends the earlier convictions used to enhance his gun sentence should have been submitted to the jury, and the failure to do so violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* holds, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. [Defendant's] contention fails because *Apprendi* specifically excepts earlier convictions from the rule.

United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir.), cert. denied, 537 U.S. 862 (2002). Further, with respect to Movant's second claim, the Court finds that Movant's conviction was final before the Supreme Court issued its opinion in Blakely v. Washington, and the Eighth Circuit has held Blakely does not apply retroactively on collateral review of a conviction or sentence. United States v. Stoltz, 149 Fed.Appx. 567 (8th Cir. 2005). Movant's claims must thus be denied on the merits as well.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 2) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 15th day of December, 2005.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE